# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA, ILLINOIS

| | |
|---|---|
| KELVIN T. HARTFIELD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )  Case No. 04-CV-2273 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**THE UNITED STATES OF AMERICA'S
RESPONSE TO THE PETITIONER'S
MOTION PURSUANT TO 28 U.S.C. § 2255**

NOW COMES the United States of America, by Jan Paul Miller, United States Attorney for the Central District of Illinois, and Eugene L. Miller, Assistant United States Attorney, and requests that this Court rule that the petitioner's motion is barred as untimely, or in the alternative, deny his Sixth Amendment claim as procedurally defaulted or deny his claims on the merits. In support of its response, the United States states as follows:

**Procedural History**

1. On August 1, 2001, a federal grand jury charged Kelvin T. Hartfield, the petitioner in the instant case, by indictment with two drug trafficking related counts in case number 01-CR-20068-001 in the United States District Court for the Central District of Illinois. (R.1)[1]

---

[1] References to the documents in the record of case number 01-CR-200068-001 are to the docket number on the district court's docket sheet, e.g., "R.__"; references to

2. On October 29, 2001, the petitioner pled guilty to Count 2 of the indictment, charging the petitioner with the possession of fifty grams or more of cocaine base ("crack") with the intent to distribute it, pursuant to a written plea agreement. (R.18; docket entry 10/29/01) Because of the petitioner's prior qualifying drug felony conviction, he faced a statutory mandatory minimum sentence of 240 months imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A)(iii). (R.13;R.18;R.24)

3. At the sentencing hearing held on April 9, 2002, the Court sentenced the petitioner to the statutory mandatory minimum sentence of 240 months imprisonment. (R.23;docket entry 4/9/02) The Court entered its written judgment on April 9, 2002. (R.23) The petitioner did not pursue a direct appeal, and the petitioner's time to file an appeal expired on April 19, 2002. Thus, the petitioner's conviction became final on April 19, 2002. Fed. R. App. P. 4(b)(1)(A) (ten days for criminal defendant to file notice of appeal).

4. On December 2, 2004, the petitioner filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Pet.Mot.1) In his motion, the petitioner claims that his conviction and/or sentence should be vacated because (1) he received ineffective assistance of counsel; (2) an intervening change in circuit law occurred; (3) Sixth Amendment constitutional issues exist in light of *Blakely v.*

---

docket entries in case number 01-CR-20068-001 are to "docket entry ___"; references to the Petitioner's Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody in this proceeding are to "Pet.Mot.___."

*Washington,* 124 S.Ct. 2531 (2004); and (4) the federal sentencing guidelines are unconstitutional.[2] (Pet.Mot.4-6)

5. On December 6, 2004, this Court gave the United States until January 5, 2005 to respond to the petitioner's motion.

**The Petitioner's § 2255 Motion Is Untimely**

6. A one-year period of limitation applies to motions that fall under § 2255. *Godoski v. United States,* 304 F.3d 761, 762-64 (7th Cir. 2002). The limitations period runs from that latest of (1) the date on which the judgment of conviction becomes final or (2) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.[3] 28 U.S.C. § 2255.

7. As to the first possible limitations period, finality attaches when a criminal defendant fails to seek direct review of his conviction and the time for seeking such review expires. *Clay v. United States,* 537 U.S. 522, 532 (2003). In this case, the petitioner did not appeal. As noted above, the time period for filing an appeal expired on April 19, 2002, 10 days after the Court entered its written judgment in this case. (R.23) Thus, the petitioner was required to file his motion by April 19, 2003, to comply with

---

[2]The petitioner did not develop any of these claims any further in his motion, but did indicate by way of a letter to the Clerk that he intended to submit a memorandum and brief in support of his motion within 45 days of the filing of his motion. The United States has not yet received such a memorandum or brief.

[3]The statute lists two other possible dates that the limitations period may begin, neither of which appear to apply in this case.

the one-year period of limitations. *See United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). Since the petitioner did not file his motion until December 2, 2004, his motion is outside the one-year period of limitation that began on the date his judgment became final. *See Godoski,* 304 F.3d at 762-64.[4]

8. As to the second possible limitations period, the petitioner asserts a Sixth Amendment right set forth by the United States Supreme Court in *Blakely v. Washington,* 124 S.Ct. 2531 (2004), which was decided on June 24, 2004. While his motion was filed within a year of the *Blakely* decision, this limitations period only applies under Section 2255 if the right has been made retroactively applicable to cases on collateral review. The rule of *Blakely* has not been made retroactively applicable to cases on collateral review, nor should it be.[5]

---

[4] Even under the "prison mailbox" rule of *Houston v. Lack,* 487 U.S. 266 (1988) – extended by the Seventh Circuit to prisoners filing *pro se* habeas corpus petitions in *Jones v. Bertrand*, 171 F.3d 499, 502 (7th Cir. 1999) – the petitioner's motion is woefully late. The earliest the petition could have been mailed is the date the petition itself purports that the petitioner signed the motion – November 22, 2004 – which is over two years and eight months after his conviction became final. (Pet.Mot.6)

[5] Because the petitioner has not developed his arguments, it is unclear what "rule" he believes *Blakely* established. The Supreme Court expressly refused to decide the applicability of *Blakely* to the federal sentencing guidelines. *Blakely*, 124 S. Ct. at 2538 n.9 ("The Federal Guidelines are not before us, and we express no opinion on them.") Nonetheless, the Seventh Circuit has extended *Blakely* to the federal sentencing guidelines. *United States v. Booker*, 375 F.3d 508 (7th Cir. 2004). Other circuits have held that *Blakely* should not be applied to the federal sentencing guidelines. *See, e.g., United States v. Pineiro,* 377 F.3d 464 (5th Cir. 2004). *Booker* was a 2-1 panel decision over a strong dissent in which the majority itself stated that "[w]e cannot be certain of" our holding and "[i]f our decision is wrong, may the Supreme Court speedily reverse it." *Booker*, 375 F.3d at 513. The Supreme Court granted a writ of certiorari in *Booker* and

9. Any "rule" announced in *Blakely* is a rule regarding criminal procedure. *See Lambert v. McBride,* 365 F.3d 557, 561-62 (7th Cir. 2004) (*Apprendi* and its progeny only established new rules of criminal procedure, not substantive changes in the law). New rules of criminal procedure may not be retroactively applied to cases on collateral review. *Teague v. Lane,* 489 U.S. 288, 310 (1989). Thus, *Blakely* does not retroactively apply to the petitioner's sentence unless its rule was not "new," that is, its rule was compelled by precedent existing on April 19, 2002, the date the petitioner's conviction became final,[6] or it was apparent to all reasonable jurists. *See Beard v. Banks,* 124 S.Ct. 2504, 2510 (2004). During an initial collateral attack, a district court or court of appeals may make the retroactivity decision. *Ashley v. United States,* 266 F.3d 671 (7th Cir. 2001).

10. To the extent the petitioner asserts that *Blakely's* rule is that sentencing enhancements under the sentencing guidelines must be proved to a jury beyond a reasonable doubt, such a rule was not compelled by existing precedent; to the contrary, every single federal court of appeals had previously held that the Supreme Court's prior decision in *Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000) did *not* apply to sentencing enhancements under the sentencing guidelines. *Simpson v. United States,* 376

---

held oral arguments in the case on October 4, 2004, but as of this date have not yet issued a decision.

[6]The petitioner is in somewhat of a quandary on the issue of whether *Blakely's* rule of procedure is "new." For if it is new, it cannot be applied retroactively under *Teague.* But if it is not new, then it is not a right "newly recognized by the Supreme Court" under Section 2255 and the petitioner's limitations period began running on the date his judgment of conviction became final.

F.3d 679, 681 (7th Cir. 2004) (collecting cases). Thus, *Blakely's* rule "was not dictated or compelled by *Apprendi* or its progeny." *Id.*

11.     Likewise, such a rule was not "apparent to all reasonable jurists," as shown by the four dissenting Justices in *Blakely* and their strongly worded dissents in that case. *See Beard,* 124 S.Ct. at 2512 (dissent of four Justices shows new rule not apparent to all reasonable jurists). Therefore, *Blakely* announced a new rule of criminal procedure that may not be applied retroactively under *Teague. See Morris v. United States,* 333 F. Supp. 2d 759, 770-72 (C.D. Ill. 2004).

12.     As a new rule of criminal procedure, the purported rule of *Blakely* falls under an exception to *Teague* only if it presents a watershed rule of criminal procedure implicating fundamental fairness. The Supreme Court has never held that any rule of criminal procedure falls under this exception. *See Beard,* 124 S.Ct. at 2513-14. In fact, when faced with whether to apply its new procedural rule in *Ring v. Arizona*, 536 U.S. 584 (2002) (holding *Apprendi* required jury, rather than judge, to find death penalty aggravating factors) retroactively, the Supreme Court refused, finding that judicial factfinding did not significantly implicate fundamental fairness. *Schriro v. Summerlin*, 124 S.Ct. 2519, 2526 (2004); *see also Lambert*, 365 F.3d at 562 (concluding before *Schriro* was decided that *Ring* did not fit under any *Teague* exception to non-retroactivity). Similarly, the Seventh Circuit also held that a violation of *Apprendi's* rule requiring certain determinations by the jury did not significantly implicate fundamental fairness such that it should be applied retroactively. *Curtis v. United States,* 294 F.3d 841, 844 (7th

Cir. 2002). The exception does not apply to the new rule announced in *Blakely,* any more than it applied to the new rules announced in *Ring* or *Apprendi*.

13. Because *Blakely's* rule has not been made retroactively applicable to cases on collateral review, the petitioner's one-year period of limitations began on the date on which his judgment of conviction became final. As this motion was filed two years and eight months after the petitioner's conviction became final, it should be barred as untimely.

**The Petitioner's Claims Are Procedurally Defaulted**

14. Even if the petitioner's motion was not filed well outside the applicable period of limitations, his claims are procedurally defaulted because he failed to present them for direct appellate review. *Bousley v. United States*, 523 U.S. 614, 621 (1998). Section 2555 is not a substitute for direct appeal and claims that were not raised on direct appeal are deemed waived. *Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997); *see also McCleese v. United States,* 75 F.3d 1174, 1177 (7th Cir. 1996). The petitioner failed to raise these claims on direct appeal, and thus, they are procedurally defaulted.[7]

15. A defaulted claim cannot be heard on collateral review unless the petitioner shows both cause for failure to raise the claim and actual prejudice resulting

---

[7]The petitioner has also raised an ineffective assistance of counsel claim, which would not be procedurally barred because such claims may be raised for the first time in a § 2255 petition. *Massaro v. United States,* 538 U.S. 500, 509 (2003). Nonetheless, the claim must be denied as the petitioner has merely advanced naked assertions and has failed to adequately specify any deficient performance of counsel, alleged how that performance prejudiced him, or developed the claim in any way. *See Jones v. United States*, 167 F.3d 1142, 1146 (7th Cir. 1999).

from the error he alleges. *United States v. Frady*, 456 U.S. 152, 170 (1982). As to cause, the petitioner must show "some objective factor external to the defense" impeded his efforts to raise the issue. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). The petitioner has made no such showing. Moreover, the petitioner must also show that the alleged error "worked to his actual and substantial disadvantage, infecting his entire trial with error." *Frady*, 456 U.S. at 170. Again, the petitioner has made no such showing, nor has he even alleged that the result would have been different if *Blakely*-type procedures were applied in his case.

### *Blakely* Has No Application to a Statutory Mandatory Minimum Sentence

16.   Even if the petitioner's Sixth Amendment claims under *Blakely* were not untimely and procedurally defaulted, they have no application to the petitioner's circumstances. The petitioner was sentenced to a mandatory minimum sentence of 20 years imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A)(iii) because his offense involved more than 50 grams of cocaine base ("crack") and he had a prior felony drug conviction. He admitted during his plea colloquy that his offense involved more than 50 grams of cocaine base ("crack"), so *Blakely* is not implicated as to the drug amount. (R.18 ¶20) Moreover, under both *Apprendi* and *Blakely*, prior convictions do not need to be proven to a jury beyond a reasonable doubt (nor does the petitioner allege that the result of his case would have been different in such a case, as the petitioner admitted his prior conviction in the Presentence Report and the United States easily could have proven up the conviction beyond a reasonable doubt). *Blakely v. Washington*, 124 S.Ct.

8

2531, 2536 (2004) (quoting *Apprendi v. New Jersey*, 430 U.S. 466, 490 (2000)) ("Other than the fact of a prior conviction . . .").

17.   As the petitioner's sentence was mandated by statute, the United States Sentencing Guidelines did not affect the petitioner's sentence in any way.  Thus, even if the Guidelines are ultimately held to be unconstitutional, whether in total or only in certain applications, such a ruling will have no effect on the petitioner's statutory mandatory minimum sentence of 20 years.

WHEREFORE the United States of America respectfully requests that this Court (1) find that the petitioner's claims are untimely and barred under the one-year limitations period under 28 U.S.C. § 2255; or in the alternative, (2) dismiss the petitioner's claims as procedurally defaulted; or (3) deny the petitioner's claims on the merits.

Respectfully submitted,

JAN PAUL MILLER
UNITED STATES ATTORNEY

s/ Eugene L. Miller
Eugene L. Miller
Assistant United States Attorney
United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
217/373-5875
FAX: 217-373-5891
eugene.miller@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

>Kelvin T. Hartfield
>Reg. No. 11445-042
>Federal Correctional Institution
>P.O. Box 5000
>Greenville, Illinois 62246

>s/ Eugene L. Miller
>Eugene L. Miller
>Assistant United States Attorney
>United States Attorney
>201 S. Vine St., Suite 226
>Urbana, IL 61802
>217/373-5875
>FAX: 217-373-5891
>eugene.miller@usdoj.gov