IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF ILLINOIS:

| | |
|---|---|
| KELVIN T. HARTFIELD, | ) NO. 2:04-CV-2273 |
| PETITIONER, | ) |
| | ) PETITIONER's "reply" to Govern- |
| -VS- | ) ments "Response, pursuant to |
| | ) Section § 2255. |
| UNITED STATES OF AMERICA, | ) |
| RESPONDENTS: | ) |

FILED
FEB 1 7 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Comes, now Kelvin T. Hartfield, (herein after petitioner), in his own behalf, pursuant to **Title 28 U.S.C. Section § 2255, as well as any and all applicable Rules, Laws, Statutes, and Codes, which may govern said action and states as follows;**

This action is fostered upon the premise that the Supreme Court of the United States has **effected" a watershed ruling,** which has altered" the Circuits "understanding of the "procedural elements which are "essential to the fundamental fairness of the proceedings." SEE **Blakely V. Washington, 124 S. Ct. 2531, (2004), and United States V. Booker, 543 U.S. _____ (2005).**

### CAUSE AND PREJUDICE:

Petitioner contends that pursuant to United States V. Frady, 465 U.S. 152, 167-68, (1982), and it's progeny, he cannot be procedurally barred from filing this instant action in that (i)

the issues rest upon a Federal Constitutional right, where the procedures utlized, deprived petitioner of the vested Constitutional right, which were essential to the fairness of those proceedings," and without which the likelihood of an accurate conviction is seriously diminshed. **SEE SAWYER V. SMITH, 497 U.S. 227, 242-244, 110 S. CT. 2822, 111 L. Ed. 2d. 193, (1990).**

### PRO SE STATUS:

Petitioner states that pursuant to Haines V. Kerner, 404 U.S. 519, (1972) it is petitioner's expressed hope that this court will overlook any obvious minor procedural inadequacies associated with this action as petitioner is a layman, thus not well versed in these proceedings, petitioner contends this court should liberally construe this action with a tolerant eye towards petitioner's pro se status, as well as his good faith intentions to comply with any and all rules.

### REQUEST FOR APPOINTMENT OF COUNSEL:

Petitioner request that if this court should be unable to make a clear and concise determination as to the merits of petitioner's claim, regarding the Constitutional issues, in accord with the factual records, it so order that counsel be appointed to assist petitioner with developing his Constitutional claims, and that counsel be appointed at no cost to petitioner.

### JURISDICTION:

Petitioner has not filed any post conviction relief application's thus this action is based upon the fact that there is no other venue at this hour available to petitioner, whereas petitioner

(2)

may seek relief, thus this jurisdiction is invoked pursuant to any and all applicable rules which may govern this action:

## STATEMENT OF CASE:

On or about August 1, 2001, a Federal Grand Jury in the Central District of Illinois charged petitioner with a statutory violation of Title 21 U.S.C. § 841(a)(1) and (B)(1)(A). Petitioner on or about October 29, 2001 entered a plea of guilty to Count 2 of the indictment. Subsequent the plea, petitioner was sentenced on or about April 9, 2002, to 240 months imprisonment. No appeal was taken in this instant matter. On or about December 2, 2004 petitioner filed a initial petition pursuant to Section § 2255 raising four claims, petitioner addresses those claims, and reply's to respondents motion hereafter.

### GROUND ONE:
**Petitioner asserts that counsel was ineffective for failing to properly counsel him on the difference between cocaine base and crack-cocaine:**

Petitioner contends that during the plea negotiations and subsequent plea, counsel never informed or counseled petitioner regarding Amendment 487, or the distinction between cocaine base and crack. Under **Amendment 487"** which describes that all cocaine base is not crack becomes a essential element of the charged offense.

The plea-agreement in this instant matter implied that it did not matter **(whether the defendant knew the substance was cocaine (crack).** It was some kind of prohibited drug. Pg. 2 #5 plea agreement. Based upon this specific clause in the agreement, it could be assumed

(3)

that counsel was **unaware that the provisions of 841 (b) discussed different penalties for controlled substance,** on the face of the agreement one thing is for sure, the government and counsel failed to counsel petitioner that type is in fact a critical-element of the offense in keeping with his standard of operating procedures in a case such as the one herein, counsel failed to counsel petitioner in respect to controlled substance, that the penalty provisions as set forth in 841 (b) set forth different penalties for different controlled substances.

Petitioner asserts at no time during the plea negotiations did counsel inform him that there existed a distinction in the controlled substance, and had petitioner known- through counsel of the distinction, this fact would have had a affect upon his decision to proceed to trial, object at sentencing to the type issue, whereas the distinction would clearly impact any potential sentence.

Government counsel states in the agreement if it did not matter, this fact was clearly misleading, a fact in which counsel if he had been performing as required under the Sixth Amendment shoul have notice, as the type of controlled substance is a critical factor as to the potential sentence to be impose, as the sentence's are structure based upon amount and type, see **§841 (b), further more if it did not matter why would government counsel choose crack as the substance, and not some other type of substance which carried a lesser penalty.**

Petitioner contends as provided under Rule 11(C)(1) he is to be adequately informed of the charges against him. This would include amount and type of controlled substance, as they are in this instant matter **elements of the offense.** (Crack) as previously alluded to is a **aggra-**

vating - factor that greatly increase the penalty. See for Comparison: **UNITED STATES V. ADAMS, 125 F. 3d. 586 (7th Cir. 1997).**

Using the guideline provisions at the time, this Circuit used a conversion process as applied under **U.S.S.G. 2D1.1(c)(D)** imposing a ratio of 100 to 1.

Counsel failed to counsel petitioner in respect to this severe penalty increase, the government in the plea-agreement blindsided petitioner at #5 of the agreement, as knowledge is a critical fact under the government's burden of proof. Counsel did nothing to dispel the illusion created by the government that identity of the controlled substance did not matter. The severe" difference in punishment based upon the type of controlled substance was a critical factor in respect to the plea as well as the sentence imposed in this instant matter. see e.g. **United States V. Rodriguiz, 980 F. 2d. 1375, (11th Cir. 1992); United States V. Jackson, 968 F. 2d. 158 (2d. Cir. 1992). United States. V. Munoz-Realpe, 21 F. 3d. 375 (11th Cir. 1994), United States V. James, 78 F. 3d. 851, 853, (3d Cir.) Cert denied,_____U.S._____,117 S. Ct. 128, 136 L. Ed. 2d. 77 (1996).**

As previously asserted petitioner is unsure if counsel understood this distinction, as counsel failed to discuss the issue with petitioner. Thus, petitioner challenge herein is that, if not for counsel failure to properly inform him of the distinction, petitioner would have objected and argued that the enhancement does not apply. The failure of counsel on this subject left petitioner prejudice, as petitioner sentence was drastically increased based upon a mere assumption by the government that the substance was crack.

In order for the government to sustain a conviction under the plea, using the enhanced penalties of the U.S.S.G. petitioner had to make a

(5)

knowing plea that he distributed crack coaine as implied by Congressional mandate targeting this substance, with the severe penalties, as defined by the guidelines. Thus, it does matter contrary to #5 of the agreement that petitioner makes a knowing and intelligent plea. **SEE Fed. R. C. P. Rule 11. (C)(1).**
Where the court during the colloquy failed to elicit a explicit admission that the substance at dispute was crack, requires the court to apply the Rule of Lenity. Petitioner was clearly prejudiced by counsel failure to object and argue the distinction as described under **Amendment 487, as** the failure permitted a unlawful increase in petitioner's sentence. See for Comparsion: **Rice V. United States, 971 F. Supp. 1297 (D.Minn. 1997), Murray V. Carrier, 477 U.S. 478, 496, 106 S. Ct. 2639, 2649, 50, 91 L. Ed. 2d. 397, (1986). Garrett V. United States, 78 F. 3d. 1296, 1304, (8th Cir. 1996).** Petitioner contends that Congress enacted the drug laws to target the more serious - substance (crack). See United States Sentencing Commission, Cocaine and Federal Sentencing Policy 5-6 (2002). The statutes purport to impose much higher sentences for crack. See e.g. **United States V. Ray, 21 F. 3d. 1134, 1140, (D.C. Cir. 1994). United States V. Brown, 859 F. 2d. 974, 976 (D.C. Cir. 1988)(the sentencing guidelines define "cocaine base" as meaning only crack, and apply the lower penalties to other forms of caocaine base. U.S.S.G.§ 2D1.1(c)(D):** The court in accepting petitioner's plea failed to get a explicit admission from petitioner as previously stated, that the substance was in' fact crack. SEE FOR COMPARISON: United States V. Barbosa, 271 F. 3d. 438, 461-67, (3d Cir. 2001). United States V. Butler, 988 F. 2d. 537, 542-43, (5th Cir. 1993) United States V. Jackson, 968 F. 2d. 158-161-63, (2d. Cir. 1992), United States V. Easter, 981 F. 1549, 1558, (10th Cir. 1992).

Thus, petitioner contends that counsel in failing to object and argue to the courts findings, that the substance was crack, petitioner was therefore prejudice, where there existed no evidence to support that finding as Congress intended that only the smokeable form (crack) would constitute the enhanced penalties under U.S.S.G. § 2D1.1 (c)(D) see **Sentencing Commission report at 9±10. United States V. Booker, 70 F. 3d. 488, 494 n. 21 (7th Cir. 1995).**

Thus, it is unclear if counsel was aware of the fact, yet it is painfully clear that petitioner was prejudiced due to the error of counsel to object and argue that the court failed to find under a reasonable doubt that the substance at dispute was crack. **KELLY V. UNITED STATES, 370 F. 2d. 227,228, (D.C. CIr. 1966), Austin V. United States, 382 F. 2d. 129, 142, (D.C. Cir. 1967); Glover V. United States, 531 U.S.___, 148 L. Ed. 2d. 604, 121 S. Ct. (1/9/01), Strickland V. Washington, 466 U.S. 688, 80 L. Ed. 2d. 674, 104 S. Ct. 2052. Blakely v. Washington, 124 S. Ct. 2531 (2004). United States V. Booker, 543 U.S. _____(2005).**

**Wherefore,** petitioner respectfully request that this court vacate his sentence and resentence in pursuant to the applicable finding's as provided under the rule of lenity, and or vacate his plea due to counsel complete failure to object and argue, that his failure permitted a sentence that is unlawful, as the error is clearly plain, whereas a sentence cannot stand on a fact in which petitioner never admitted to, and the determination made by the court deprived petitioner of his Sixth Amendment right to a trial by jury on those facts, in which petitioner never admitted.

## PART B.

**Petitioner contends that the claims asserted**

(7)

> **herein are incumbent upon a new rule of constitutional law announced in Blakely v. Washington, 124 S. Ct. 2531 (2004), and United States V. Booker, 543 U.S.\_\_\_\_ (2005).**

Petitioner asserts that the Supreme Court in the aformention cases recognized a New Federal Rule of Constitutional law under the Sixth Amendment of the United States Constitution. This expressed Constitutional right was previously unavailable to petitioner based upon Circuit precedent. Thus, petitioner contends under § 2255 the date on which the right was asserted was initially recognized by the Supreme Court, makes this claim cognizable under the proceeding's herein.

Respondents appear to be relying on the Rule of retroactivity in it's attempt to stay a miscarriage of justice. This court is so authorize to consider the claim, as the claim rest on a Federal Constitutional Right which was previously unavailable to petitioner.

Petitioner seeks relief from a sentence that was imposed in violation of the Laws of the United States, and the United States Constitution. Though respondents were relying on uncertainty in respect to the then pending decision in United States V. Booker, 375 F. 3d. 508, (7th Cir. 2004). United States V. Booker, 543 U.S._____(2005), that uncertainity has been clarified to a extent. See United States V. Pineiro, 377 F. 3d. 464, (5th Cir. 2004).

Petitioner contends that his motion is timely based upon it being filed some five months after the decision in Blakely. Clearly Blakely raises a nove claim depending on how jurist interpret the opinion put forth in Blakely. Blakely held that the Rule announced was grounded in common law, that the Rule reflects two longstanding tenets of common- law

(8)

Criminal jurisprudence: **That the truth of every accusation" against a defendant " should afterwards be confirmed by the unanimous suffrage of twelve of his equals and neighbors,"** 4 W. Blackstone, Commentaries on the Laws of England 343 (1769) **and that" an accusation which lacks any particular fact which the law makes essential to the punishment is ......no accusation within the requirements of the common law, and it is no accusation in reason,"** 1 J. Bishop, Criminal Procedure § 87, P. 55 (2d ed. 1872), these principles have been acknowledged by courts and treatises since the earliest days of graduated sentencing; Apprendi, See 530 U.S. at 476-483, 489-490 n. 15; id at 501-518, (Thomas J, Concurring), Blakely V. Washington, 124 S. Ct. 2531 (2004) **"longstanding " would clearly imply that the Federal Constitutional Right at issue in Blakely was in fact always a guaranteed right. Jurist as the opinion in Blakely would suggest could argue that guaranteed right- which has been "longstanding " was in fact compelled by Supreme Court precedent. See for Comparison: In re Winship, 397 U.S. 358, 364, (1970),** it is equally clear that the Constitution gives a criminal defendant the right to demand that a jury find him guilty of all elements of the crime with which he is charged." UNITED STATES V. GAUDIN, 515 U.S. 506, 511 (1995), these basic precepts, **firmly rooted in the common law, have provided the basis for recent decisions interpreting Modern Criminal Statutes and sentencing procedures. "Firmly Rooted"** would again imply that the Rule announced in Blakely could be reasonably argued that Supreme court precedent dictated the right under the Federal Constitution, thus **dictating at the time of sentencing that this deeply rooted , longstanding Rule of Constitutional law, which has been acknowledged by courts since when?? (1769), In Jones V. United States, 526 U.S. 227, 230, (1999).** This conclusion was supported by the statutory text and structure, and was influenced by our desire to avoid the Constitutional

(9)

issue implicated by a contrary holding, which would have reduced the jury role" to the relative importance of low level gate keeping." Id., at 244. In Apprendi V. New Jersey, 530 U.S. 466 (2000), Holding: **any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a resonable doubt Id at 460.**

In Ring V. Arizona, 536 U.S. 584 (2002) **if a state makes a increase in a defendaNT AUTHORIZED PUNISHMENT CONTIGENT on the finding of a fact, that fact- no matter how the state labels it must be found by a jury beyond a reasonable doubt."** For reasons explained in Jones, Apprendi, and Ring, the requirements of the Sixth Amendment were clear. See **Blakely v. Washington, 124 S. Ct. 2531 (2004) UNITED STATES V. BOOKER, 543 U.S.\_\_\_\_(2005),** Considering the novel aspect of the aforemention language - as elucidated by these multiple holdings, that are explicitly grounded at common law, a jurist could reasonably conclude that the Federal Constitutional right at the center of the claim mandates, that whatever approach a jurist **might** take, the substantial right at issue compells correction of **a illegally** imposed sentence based merely on the deprivation of the right.

In order for the right to be guaranteed and "equally" benificial to all citizens of these United States, where misunderstood, or misapplied procedures "infects" the process, the integrity of the whole system, the integrity of the Constitution itself suffers from the grevious error's which have been committed in the prior proceedings.
At#10 Pg. 5 of respondents - response in opposition, respondents appear to prefer the other approach, it is petitioner's hope that the court will assess the following logic as reasonable: The respondents would have this court to reject petitioner's appeal for relief from a

extremely harsh sentence, that was imposed in violationof the Laws and Constitution of the United States. Respondent's would further have this court reject the idea that the court is not authorized to consider petitioner's § 2255 motion unless and until the Supreme Court declares Blakely/Booker apply retroactively to cases on collateral review. Every Circuit to consider the issue of retroactivity has held that a court other than the Supreme Court can make the retroactivity decision for purposes of § 2253(3): See for Comparison: cf **UNITED STATES V. DODD, 365 F. 3d. 1273, 1278, (11th Cir. 2004).** Petitioner asserts that some Circuits hold that the one year limitations period in § 2255 begins to run when the New Rule is first announced, not when it is finally declared retroactive. petitioner further contends the Supreme Court often will not determine whether a rule applies on collateral review until it decides a case actually presenting that issue. Respondents position puts petitioner's case in a view where it may never be entertained. Thus, petitioner if his claims are meritorious, while his case struggles through the district and appeals courts, will continue to be unlawfully imposed, and petitioner may serve time in prison for a sentence that has been declared invalid under the laws and constitution of the United States. This type of tryanny is what this country is at war about in the middle East, yet the citizens of this country charged with a crime imprisoned under sentences which' are unconstitutional on there face, yet this court fails to exercise it's authority because respondent's oppose the right thing to do is clearly unbelievable, respondnet's view of § 2255 raises serious Constitutional concerns. Respondents rely on cases that are easily distinguishable as these cases cited in respondents response involve a motion for leave to file a Second or Successive § 2255 motion. Petitioner has not previously filed a Section § 2255. petitioner con-

(11)

tends though the Supreme Court has not yet stated whether the Rule announced in Blakely V. Washington, 124 S. Ct. 2531 (2004) and United States V. Booker, 543 U.S.____(2005) applies retroactively to cases on collateral review, petitioner contends that no inference should be drawn from the courts failure to discuss that issue.

Petitioner hopes that in ascertaining on whether Blakely applies retroactively, this courts inquiry should clarify what the court announced, a process that may be complicated by the unusual alignment of the justices. The remedy endorsed by five members of the court ( which made the sentencing guidelines advisory) must not be confused with the Constitutional violation at issue. The Constitutional violation was the enhancement of a sentence, above the "statutory maximum" based upon facts neither admitted by the defendant nor found by a jury beyond a reasonable doubt. **SEE BLAKELY V. WASHINGTON, 124 S. CT. 2531 (2004), UNITED STATES V. BOOKER, 543 U.S.___(2005).**

This analysis should further include in analyzing the retroactivity question, is to determine whether Blakely and Booker announce a "New Rule. A "case announces a New Rule if the results was not dictated by precedent existing at the time the defendants conviction became final." See for Comparison: TEAGUE V. LANE, 489 U.S. 288, 301, (1989) petitioner's conviction under this standard became final on or about April 2002. Post Apprendi, Pre Blakely.

Some courts have considered Blakely and Booker extensions of Apprendi, the latters application to the Federal Sentencing Guidelines were not dictated by Apprendi.

Prior to Blakely, every Circuit that considered the question concluded that Apprendi did not apply to the Federal Sentencing guidelines. See for Comparison: e.g. **UNITED STATES V. HERNANDEZ-GUARDADO, 228 F. 3d.**

1017, 1026-27, (9th Cir. 2000).

Petitioner points to a case cited in respondents - response, **Scriro V. Summerlin,** \_\_\_\_U.S.\_\_\_\_, 124 S. Ct. 2519, 2523, (2004). The aforemention case held, that a rule "requiring that a jury rather than a judge find the essential facts bearing on punishment" in capitol cases would not be applied retroactively to cases on collateral review. Id. at 2523-26. Schriro addresses only the allocation of fact finding responsibility between the judge and the jury.

Petitioner contends this courts inquiry should also consider the Second component to Blakely and Booker; that **Schiro did not address.** That facts used to enhance a sentence, if not admitted, must be proven beyond a reasonable doubt rather than by a preponderance of the evidence.

The Supreme Court has acknowledge that the standard of proof can significantly impact fact-finding accuracy and societys confidence in the results. **In re Winship, 397 U.S. 358, 363, (1970) ("the reasonable doubt standard plays a vital role in the American scheme of criminal procedure- it is a prime instrument for reducing the risk of convictions resting on factual error") 'the reasonable - doubt standard is indispensable to command the respect and confidence of the community in applications of the criminal law");** IVAN V. v. CITY OF NEW YORK, 407 U.S. 203, 205, (1972), the purpose of reasonable doubt standard is to "overcome an aspect of criminal trial that substantially impairs the truth-finding function, and **Winship** is thus to be given complete retroactive effect." **HANKERSON V. NORTH CAROLINA, 432 U.S. 233 (1977)-** giving retroactive effect to rule requiring proof of all elements of crime beyond a reasonable doubt and voiding presumptions that shifts burden of proof to a defendant.

(13)

Petitioner contends where there exists a contested fact that was not found beyond a reasonable doubt, nor admitted by the defendant, the **structural significance herein is a defect affecting the frame work within which the trial proceeds, and the Constitutional error "infects the entire trial process."**

Blakely V. Washington, 124 S. Ct. 2531, (2004), fits squarely into that small core of cases that announces a New Rule, imposes a New Obligation upon the government, the prior procedures significantly implicate the doctrine of fundamental fairness. Petitioner sentence offends the integrity of the prior proceedings.

### GROUND TWO:

> **Petitioner contends that the Supreme Court in United States V. Booker, 543 U.S.\_\_\_\_\_,(2005), United States V. Booker, 375 F. 3d. 508, (7th Cir. 2004). Severed portions of the Federal Sentencing Guidelines as unconstitutional, and that any portions applied using these portions of the Guidelines raises serious questions as to the sentence imposed herein..........**

Petitioner contends that this court in considering this application should consider the intervening change effected by the Supreme Courts decision in Blakely V. Washington, 124 S. Ct. 2531, (2004). Prior to the decision in the aforemention case this Circuit held that drug amounts and drug types could be found under the preponderance of the evidence standard based upon a judically found fact. In Blakely the court held that any fact not found by the jury or admitted by the defendant violated a defendant's Constitutional rights under the Sixth Amendment. This Circuit prior to the Blakely Holding, held in United States V. Nance, **236 F. 3d. 820, (7th Cir. 2000), United States V.**

**Westmoreland, 240 F. 3d. 618, 632, (7th Cir. 2001).** These aforemention cases permitted the court to make findings under a procedure that deprives petitioner of the constitutional protections envisioned under the Sixth Amendment. petitioner contends that Blakely is in effect a intervening change in this Circuit Law as adopted in United States V. Booker, **375 F. 3d. 508, (2004), United States V. Booker, 543, U.S.\_\_\_\_ (2005).**

Petitioner contends that when the court adopted the holding elucidated in Blakely, SEE United States V. Booker, 375 F. 3d. 508, (7th Cir. 2004) the Circuit overruled it's prior precedent. See for comparison: **Davis V. United States, 417 U.S. 333, 41 L. Ed. 2d. 109 94 S. Ct. 2298.** Which supports the proposition, where petitioner challenge claim is identical to the case which announced the decision.

The laws of the United States, as well as the United States Constitution - in applying the common-law principles, that no man is to be compelled to loose his liberty due to a illegal sentence that is based on a procedure which was applied in violation of the Constitution and the laws of the United States,. Petitioner asserts his claim is based in part on the violations that deprived him of his expressed Constitutional right, the right as put forth herein is cognizable, where there exist a fundamental defect which has resulted in a complete miscarriage of justice. Davis V. United States, 417 U.S. 333, 346, 94 S. Ct. 2298, 41 L. Ed. 2d. 109 (1974), Sanders V. United States, 373 US 1, 10 L. Ed. 2d. 148, 83 S. Ct. 1068(stating that petitioner may nevertheless be entitled to anew hearing upon the showing of a intervening change in Law. **SEE KAUFMAN V. UNITED STATES, 394 US 217, 220, 22 L. Ed. 89 S. Ct. 1068 (1969) UNITED STATES V. BOOKER, 543 U.S.\_\_\_\_(2005).**

(15)

Wherefore, petitioner respectfully pray's that this court grant this petition seeking review of his sentence in accord with the principle of Blakey and Booker.

### GROUND THREE:

Petitioner asserts that this ground is argued in "Part B" of Ground one, addressing the Sixth Amendment Constitutional Right and retroactivity of the right. That due to the Constitutional error which deprived petitioner of his Sixth Amendment right, this court should vacate his sentence consistent with the holding in Blakely V. Washington, 124 S. Ct. 2531, (2004).........

### GROUND FOUR:

Petitioner contends that the Supreme Court in United States V. Booker, 543 U.S._____(2005) severed portions of the Federal Sentencing guidelines - in effect making his sentence unconstitutional under the Laws and the Constitution of the United States:

Petitioner asserts during the sentencing in this instant matter the court adopted the United States Federal Sentencing guidelines to impose additional punishment based on facts which were reflected in the PSR, in violation of petitioner's Sixth Amendment Constitutional rights. SEE **BLAKELY V. WASHINGTON, 124 S, Ct. 2531, (2004), United States v. Booker, 543 U.S._____(2005).**

Petitioner contends that prior to the recent Supreme Court decisions in Blakely and Booker, the district and appeals court were imposing and upholding sentences which were applied utilizing the Federal Sentencing Guidelines. In Blakely and Later in Booker, the court cast serious doubt regarding the constitutionality of this procedure/ practice.

Petitioner asserts that due to the substantial constitutional violation involved in the procedures previously used, thus in seeking this court's review of his exceptional sentence, as the sentence imposed under the former regime contravened the Sixth Amendment Constitutional right to be tried by a jury- and to have those facts used to increase punishment, found by the jury beyond a reasonable doubt, and or admitted by the petitioner.

WHEREFORE, Petitioner respectfully pray's that this court grant this application, seeking to vacate his sentence, explicitly on the grounds that petitioner is serving a illegal sentence in violation of the Laws of the United States, and or in the alternative petitioner pray's the court vacate his sentence and reconsider the sentence consistent with the applicable remedial provision; as described in Booker, in the best interest of justice.

DATED this 4th day of February, 2005.

Respectfully submitted,

*Kelvin Hartfield*

KELVIN T. HARTFIELD
#11445-042
P.O. BOX 5000
GREENVILLE, ILLINOIS, 62246