UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **KELVIN T. HARTFIELD,** ) | |
| ) | |
| **Petitioner,** ) | |
| v. ) | **Case No. 04-CV-2273** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

## **ORDER**

On December 6, 2004, Petitioner, Kelvin T. Hartfield, filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1). In his Motion (#1), Petitioner claims that his counsel was ineffective, that an intervening change in circuit law occurred, that his sentence was imposed in violation of this sixth amendment rights under Blakely v. Washington, 124 S. Ct. 2531 (2004), and that the federal sentencing guidelines are unconstitutional.

On January 3, 2005, the Government filed its Response to Petitioner's Motion Pursuant to 28 U.S.C. § 2255 (#4). The Government argued that: (1) Petitioner's Motion is untimely; (2) Petitioner's claims have been procedurally defaulted; and (3) Blakely has no application to the statutory minimum sentence imposed upon Petitioner. Following this court's careful review, it concludes that the Motion is clearly untimely and must be dismissed on that basis. Therefore, this court does not need to consider the Government's additional arguments.

FACTS

On August 1, 2001, Petitioner was charged by indictment with two counts of drug trafficking. On October 29, 2001, Petitioner pled guilty to Count 2 of the indictment, which charged Petitioner with the possession of 50 grams or more of cocaine base ("crack") with the intent to distribute it. Petitioner pled guilty to this charge pursuant to a written plea agreement. Because of

Petitioner's prior qualifying felony drug conviction, he faced a statutory mandatory minimum sentence of 240 months imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A)(iii).  A sentencing hearing was held on April 9, 2002, and Petitioner was sentenced to the statutory mandatory minimum sentence of 240 months.  Petitioner did not file a notice of appeal, and the time to file a notice of appeal expired on April 20, 2002, 10 days after the written judgment was entered.  On December 6, 2004, Petitioner filed a pro se Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1).

## ANALYSIS

"A motion by a federal prisoner for postconviction relief under 28 U.S.C. § 2255 is subject to a one-year time limitation that generally runs from 'the date on which the judgment of conviction becomes final.'" Clay v. United States, 537 U.S. 522, 524 (2003), quoting 28 U.S.C. § 2255, ¶ 6(1). In this case, the judgment of conviction became final on April 20, 2002 when the time to file a Notice of Appeal expired.  Petitioner therefore had one year, or until April 20, 2003, to file his Motion.  See United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000) (adopting the anniversary rule for determining the date § 2255 motion was due).  Petitioner did not file his Motion (#1) until December 6, 2004.  Therefore, based upon the date the judgment of conviction became final, Petitioner's Motion was more than seven months late.

The statute provides that the one-year time limitation also runs from "the date on which the rights asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255, ¶ 6(3).[1]  In this case, Petitioner asserts a Sixth Amendment right set forth by the United States

---

[1] This court agrees with the Government that none of the other possible dates that the limitation period may begin have any application to this case.

Supreme Court in Blakely v. Washington, 124 S. Ct. 2531 (2004). In Blakely, the United States Supreme Court held that a sentence imposed by the State of Washington was unconstitutional because it was imposed based upon facts which were not found by a jury beyond a reasonable doubt. The Court held that any fact which increases the penalty for a crime above the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant must be submitted to a jury and proved beyond a reasonable doubt. Blakely, 124 S. Ct. 2537-38. The Court in Blakely, however, specifically declined to express an opinion regarding whether this holding applied to the federal Sentencing Guidelines, under which Petitioner was sentenced. Blakely, 124 S. Ct. at 2538 n.9. On January 12, 2005, the United States Supreme Court held that the decision in Blakely applied to the federal Sentencing Guidelines. United States v. Booker, 125 S. Ct. 738 (2005). The Government argues, however, that the date the limitations period began to run in this case should not be extended because the rule of Blakely has not been made retroactively applicable to cases on collateral review. This court agrees.

On February 2, 2005, the Seventh Circuit decided McReynolds v. United States, ___ F.3d ___, 2005 WL 237642 (7th Cir. 2005). In McReynolds, three petitioners sought collateral relief under 28 U.S.C. § 2255, asserting that juries should have determined, beyond a reasonable doubt, the precise amounts of cocaine base (crack) and cocaine hydrochloride that led to their sentencing ranges. The Seventh Circuit concluded, following careful analysis, that Booker "does not apply retroactively to criminal cases that became final before its release on January 12, 2005." McReynolds, ___ F.3d at ___, 2005 WL 237642, at *2. The court clarified that the date of the Booker decision was the appropriate dividing line because Blakely reserved decision about the status of the federal Sentencing Guidelines, "so Booker itself represents the establishment of a new rule about the federal system. The Seventh Circuit stated that the "Petitioners' convictions and sentences became final well before

3

Booker was issued, and its approach therefore does not govern these collateral proceedings." McReynolds, ___ F.3d at ___, 2005 WL 237642, at *2. This court reaches the same conclusion in this case. Accordingly, Petitioner's Motion under § 2255 is untimely and must be dismissed. See Godoski v. United States, 304 F.3d 761, 762-64 (7th Cir. 2002).

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1) is dismissed because it was not timely filed.

(2) This case is terminated.

ENTERED this 18th day of February, 2005

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF JUDGE