IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS:
URBANA DIVISION:

|  |  |
|---|---|
| KELVIN T. HARTFIELD, | ) NO. 2:04-CV-2273 |
| PETITIONER, | ) |
|  | ) MEMORANDUM AND BRIEF IN SUPPO |
| -VS- | ) SUPPORT OF SECTION § 2255 and |
|  | ) §2253(c). |
| UNITED STATES OF AMERICA, | ) |
| RESPONDENTS. | ) |

FILED
APR 04 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Comes, now Kelvin T. Hartfield, (herein after petitioner), in his own behalf pursuant to Section § 2255 and § 2253(c), as well as any and all applicable Rules, Laws, Statutes, and Codes, which may govern said action and states as follows;

1. **Why a Certificate of Appealability Should Issue:**

The court in dismissing petitioner Section § 2255 concluded that petioner motion was "filed untimely."

Petitioner contends that the district court has "overlooked" that Section § 2255 provides:

> a prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or Laws of the United

> States, or that the court was without jurisd-
> iction to impose such sentence, or that the
> sentence was in excess of the maximum authorized
> by law, or is otherwise subject to collateral
> attack, may move the court which imposed the
> sentence to vacate, set aside or correct the
> sentence.......

Petitioner contends that his sentence was imposed in violation of the Laws and the Constitution of the United States. **SEE SECTION §2255.**

That the Supreme Court in two recent cases United States V. Booker, 543 U.S._____(2005), and **Blakely V. Washington, 124 S. CT. 2531 (2004)** "signified a New Rule of Constitutional Law which was previously un-available to petitioner."

As respondents noted in it's opposition to his petition pursuant to Section § 2255 petitioner relied on Blakely V. Washington, 124 S. Ct. 2531, (2004) citing that the Supreme Court declared it's holding in Blakely as a New Rule of Constitutional Law. Compare: In re Winship, **397 U.S. 358, 25 L. Ed. 2d. 368, 90 S. Ct. 1068 (1970).**

In United States V. Booker, 543 U.S.\_\_\_\_\_, 160 L. Ed. 2d. 621, 125 S. **Ct. 738, (2005).** The court invalidated the Federal Sentencing guidelines, thus, these Two Supreme Court holding's which implicate the Sixth Amendment Jury trial guarantees, as well as the due process doctrine. **SEE APPRENDI V. NEW JERSEY, 530 U.S. 466, 147 L. Ed. 2d. 435, 120 S,. Ct. 2348, (2000);** This doctrine of the common law principle - elucidated

in **Winship compels this court to apply the standard set forth in Blakely and Booker**, as the rule announced in Blakely is derived from those line of cases which has been made clear, that all facts which are legally essential to the punishment to be imposed, must be found by a jury "beyond a reasonable doubt."

This Circuit itself has failed to adequately address the question in respect to the "new rule of constitutional law, in respect to the retroactivity application. In so doing this court needs to first address that Blakely clearly cited that the rule is derived from two long standing tenet's" of common law criminal jurisprudence." If this is in fact the case base on Supreme Court precedent, the retroactivity question becomes a non-issue. "defacto-application as defined implies what the constitutional rule of law has always stood for. See **Winship, and now see Blakely, and these line of cases in between. Jones, Gaudin, Apprendi, Ring, and Blakely, and a host of other cases which have addressed the constitutional rule which is the focus of this dispute.** Since Winship where it was held, that the reasonable doubt standard is implicit in the concept of ordered liberty, which is implicit in the fundamental fairness of a proceeding, has never been overruled since the decision in Winship, thus if the Supreme court which has declared that "Our" precedent makes clear", that the constitutional rule of law commands that a defendant be tried by a jury, and all facts which are legally essential to the punishment must be found by that jury beyond a reasonable doubt, and the line of Supreme Court cases that are aforemention have never been overruled, clearly this standard has always been in place. "Defacto." Thus, what does retroactive has to do with a rule of constitutional law which was required to be applied in every criminal case since the court decided a modern case such as Winship. The Supreme Court in deciding Blakely stated

(3)

there is nothing "new" about tweleve jurors having to decide beyond a reasonable doubt what a defendant is guilty of and what he is not guilty of. Clearly this court is not "overlooking the opinion announced by the Supreme Court, nor is this court misconstrueing that decision as it is clear and has always been, if we follow the Supreme Court's holding on the issue, anyone who has eyes to see and a mind that is capable of comprehending the most simple facts can discern the Blakely, Ring, Apprendi, Jones, Gaudin, Winship, all have a common thread the right to be tried by a jury, and to have that jury find the facts beyond a reasonable doubt, this principle is derived from the text books in law school, so how did the parties get confused in respect to the constitutional issue in respect to the Sixth amendment constitutional right's which is at stake herein. Surely the enactment of the guidelines is not the cause for the confusion for something that is deeply embedded in the jurisprudence in which are system of justice is built upon. Respondents have been quick to ascertain and assert that Blakely is a extension or clarification of Apprendi, not hardly as the **the** judges were finding additional facts to increase the punishment of a sentence this violated the sixth amendment principle. The rule of law which is the basis for this action **did not effect a change in the meaning of the Sixth Amendment "jury trial determination.** Since the enactment of Section "841" in 1970, Pub. L. No. 91-513, § 401, 84 Stat. 1242, 1260-62, (1970), drug quantity has been an "element" of section 841 offenses- it has always been the principle under the rule that the government was required to prove beyond a reasonable doubt to a jury, pursuant to the Sixth Amendment jury trial guarantee. The court did say the Sixth Amendment is in fact a guaranteed right of each and every citizen of these United States, well if that be the case how then can something that is guaranteed to each and every citizen of the United States, not be

(4)

guaranteed to petitioner. What the court is just going to deprive me of the vested right on it's own error, and when the Supreme Court points out that the procedures used during the sentencing violated/deprived petitioner of the vested right, the court then cites a rule that has no superseding authority to overshadow something as essential as the guaranteed right at stake, to hold it must be declared retroactive. This theory is clearly folly at it's greatest height. If the right is guaranteed the court under it's oath of office is to ensure that the guarantees of the constitutional right is applied, unless my U.S. Citizenship has been stripped unbeknowest to me.

If petitioner is held to challenge the constitutionality of his sentence where a Supreme Court intervening change in the Circuit law becomes available to petitioner to address the constitutional error, petitioner is required to do that under this standard, when the Supreme court announces the intervening decision. Thus, this action is timely based upon that specific rule of law under Section § 2255. **Compare: ASHLEY V. UNITED STATES, 266 F. 3d. 671, 97th Cir. 2001).** This Circuit has implied that the one year time period starts when the court declares it - the new rule retroactive. where a guaranteed right is not bound by a rule of retroactivity that would naturally change. Thus, there exist's as expressed in Ashley, a serious problem in the application if for example the Eighth Circuit should declare a decision retroactive on June 15, 2004, and a court with the Territorial jurisdiction, declares the rule retroactive on May 15, 2004. In this case where the application falls under a "defacto" application of Winship, it is petitioner's contentions that the rule of constitutional law was announced on June 24, 2004, thus in order to preserve the claim he must address it within the year that the Supreme Court clarified the constitutional holding. Here altogether the district court has side-stepped the relevant issue as it has stated

(5)

that the Supreme Court has not declared the Blakely issue retroactive. Why would the Supreme Court even declare the Blakely issue retroactive we the court has stated that "our precedent makes clear," the rule is reflected in longstanding principle: **See "4 W Blackstone, Commentaries on the Laws of England 343 (1769).**

**The** district court in reviewing petitioner's section § 2255, did not address whether Blakely Constitutional Rule is a new rule of constitutional law, or whether it's application is defacto in the priniple of Winship and the longstanding tenets of jurisprudence in which Winship- and Blakely is derived. Thus, in raising in his intially filed Section § 2255 the deprivation of his constitutional right, did petitioner raise a substantial constitutional violation which was previously unavailable to petitioner because Circuit precedent precluded petitioner the principle of law which has always been a guarantee to petitioner. In a similar case **Simpson V. United States, (2004, 7th Cir.) this Circuit cited that a case announces a new constitutional rule if the Supreme court bases it's decision in the constitution and the rule it announces was dictated or compelled by precedent.** SEE FOR COMAPRISON: Beard V. Banks, 124 S. Ct. 2504. In Simpson the court went on to note that Blakely however, "alters" this courts understanding of statutory maximum" the relevant statutory maximum is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. **SEE SIMPSON, (7th Cir. 2004),** thus petitioner has established a substantial sixth amendment violation - in which this court has overlooked citing petitioner's motion pursuant to section § 2255 as untimely.

As it stands then and now based upon the decisions of **Blakely and Booker,** petitioner is currently serving a "exceptional sentence that was imposed illegally, unconstitutionally, and this court disregards it's integrity by failing to recognize that it possess the solemn duty under it's obligation as a Article III court to correct the miscarriage in justice, whereas the court in neglecting it's oath to uphold the law and the constitution declines to make a threshold inquiry of the miscarriage in justice.

If the court feels that it is bound to a rule of retroactivity, then the court should in a abundance of caution to protect the sacred rights of U.S. Citizens inquire into the fundamental miscarriage in justice occuring as a result of the illegally imposed sentence. COMPARE: UNITED STATES V. DODD, **365 F. 3d. 1273, 1278, (11th Cir. 2004). (every Circuit to consider this issue has held that a court other than the Supreme Court can make the retoractivity decision for purposes of § 2253 (3)"( cert granted, 125 S. Ct. 2607, (2004).** Some Circuits even hold that the one limitations period in § 2255 begins to run when the new rule is first announced, not when it is finally declared retroactive. SEE e.g. Id. at 1279-81.

The court in declining to assert it's authority to recognize the fundamental miscarriage apparently in this instant matter overlooks the common Law principle of justice and equality for all." Whereas the Supreme Court often will not determine whether a rule applies on collateral review until it decides a case actually presenting that issue, a case might never be entertained. At a minimum, years might elaspe before a test case made it's way through the lower courts and was decided by the Suprme Court. In the meantime, petitioner will continue to be un-

(7)

lawfully imprisoned. Thus, the district court has followed a course in which the "framers clearly did not intend."

The court is "remiss" in drawing inference from the Supreme Court's failure to discuss a issue not before the court, thus is compelled to act upon it's own judicial authority as well as it's solemn oath to uphold the Law and the Constitution. the substantial rights violation put forth in petitioner's Section § 2255 must not be confused with the advisory decision in Booker; the constitutional violation herein was the enhancement of a sentence, above the statutory maximum," based upon facts neither admitted by petitioner nor found by a jury to be true beyond a reasonable doubt.

It is quite clear that Blakely is a "watershed ruling" as the rule announced in Blakely implicates the fundamental fairness and the accuracy of the prior proceeding which resulted in the unconstitutional sentence imposed herein.

In overlooking the substantial constitutional issue at stake herein, the district court is again remiss in failing to recognize what the Suprme Court has acknowledged, that the standard of proof can significantly impact fact-finding, accuracy's and society's confidence in the result. **COMPARE In re Winship, 397 U.S. 358, 363, (1970), Ivan V. v. City of New York, 407 U.S. 203, 205, (1972), Hankerson v. North Carolina, 432 U.S. 233 (1977), Blakely V. Washington, 124 S. Ct. 2531 (2004).**

**Given** this aforemention history this court cannot in confidence exclude the possibility that the court might apply **Blakely/Booker retroactively in some situations.** Thus, where petitioner has established a substantial constitutional violation, relied on the water-shed ruling of Blakely, and makes a colorable claim in respect to Supreme Court multiple cases which compel retroactivity, to a rule requiring proof of all elements of a crime beyond a reasonable doubt and void presumptions that shift the burden of proof to petitioner. Especially in light of the fact that the application of Blakely is "defacto in Winship.

Petitioner was sentenced to **240 months imprisonment.** This sentence was based upon additional facts in which petitioner did not admit too, but the district court judge found in deprivation/violation of petitioner's sixth amendment constitutional rights. **COMPARE:** Johnson. V. United States, 520 U.S. 461, 466-67, (1997), United States V. Young, 470 U.S. 1, 15-16, 91985), United States V. Easterman, 324 F. 3d. 565, 569-73, (7th Cir. 2003), United States, V. Nance, 236 F. 3d. 820, 825-26, (7th Cir. 2000). **UNITED STATES V. ALLEN, 390 F. 3d. 944, 947-48, (7th Cir. 2004).**

Where there exist a clear constitutional error, if not corrected the result's is surely "intolerable" if it subjects a American citizen to an "illegally long sentence.

Petitioner asserts that it is a miscarriage of justice to give him an illegal sentence that increases his punishment, just as it is to convict an innocent person. **COMPARE: UNITED STATES V. PAWLINSKI, 374, F. 3d. 536, 540-41, (7th Cir. 2004), UNITED STATES V. NEWMAN, 965 F. 2d. 206, 213, (7th Cir. 1992), UNITED STATES V. SYME, 276**

F. 3d. 131, 158, (3d Cir. 2002), United States V. Portillo-Mendoza, 273 F. 3d. 1224, 1228, (9th Cir. 2001), UNITED STATES V. MOYER, 282, F. 3d. 1311, 1319, (10th Cir. 2002).

Petitioner contends the failure to correct the Constitutional error herein, is a bdication of the oath to "uphold the Laws and the Constitution rights of American Citizen's."
The administration of justice dictates fairness and impartiality, thus this court in applying these principles must recognize the Constitutional errors committed herein and correct the resulting manifest injustice.
Simply put the Oath in which this court has sworn to uphold requires the court to implement the Blakely decision and the Booker decision, whereas, those prior sentencing procedures used during the sentencing in this instant matter which deprived petitioner the "right to trial by jury." petitioner seeks relief from the illegal sentence imposed under such an unconstitutional system.

Petitioner contends that A CIA should issue whereas he has meant the requirements of § 2253(c)(2). Petitioner satifies this standard by demostrating that jurist of reason could disagree with the district court resolution of his case or that the issues presented were adequate to deserve encouragement to proceed further. Petitioner need not convince a judge or for that matter three judges that he will prevail, petitioner must demostrate that reasonable jurist would find the district court's assessment of the constitutional claims debatable . Compare: SLACK V. McDANIEL, 529 U.S. 473, 481, (2000) **MILLER-EL V. JOHNSON**, 261 F. 3d. 445, 449, (2001)( quoting 28 U.S.C. § 2253

(c)(2).

Wherefore, petitioner respectfully pray's that this court grant a COA permitting his claims to proceed further whereas the claims in respect to "retroactivity is clearly debatable based upon the defacto" application, the principle of Tyler V. Cain- "multiple holdings." Petitioner further contends that has presented a colorable claim on the Sixth Amendment issue in which he was deprived and in which resulted in a "exceptional sentence."

Dated this 25th day of March 2005.

Respectfully Submitted,

*Kelvin Hartfield*

KELVIN T. HARTFIELD
#11445-042
P.O. BOX 5000
GREENVILLE, ILLINOIS, 62246

**CERTIFICATE OF SERVICE:**

I, **Kelvin T. Hartfield,** declare under the penalty of perjury that I placed (3) copies of a memorandum and brief pursuant to § 2253(c) addressed to the Clerk of the Court for the Central District of Illinois, with a additional copy addressed to the United States Attorney Office for the Central district of Illinois, in the Institutional mailing system, on or about March 25, 2005, postage prepaid;

C. FILE
AUSA

*Kelvin Hartfield*
KELVIN T. HARTFIELD