E-FILED
Friday, 08 April, 2005  02:55:38 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

| | |
|---|---|
| KELVIN T. HARTFIELD, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 04-CV-2273 |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

THE UNITED STATES OF AMERICA'S
RESPONSE TO THE PETITIONER'S MOTION FOR ISSUANCE OF
A CERTIFICATE OF APPEALABILITY PURSUANT TO 28 U.S.C. § 2253

NOW COMES the United States of America, by Jan Paul Miller, United States Attorney for the Central District of Illinois, and Eugene L. Miller, Assistant United States Attorney, and requests that this Court deny the petitioner's motion for issuance of a certificate of appealability. In support of its response, the United States states as follows:

1.  On October 29, 2001, the petitioner pled guilty to the offense of possession of fifty grams or more of cocaine base ("crack") with the intent to distribute it in case number 01-CR-20068-001 in the United States District Court for the Central District of Illinois. On April 9, 2002, the Court sentenced the petitioner to the statutory mandatory minimum sentence of 240 months imprisonment. The petitioner did not appeal.

2.  On December 2, 2004, over two years and seven months after he was sentenced, the petitioner filed a *pro se* motion to vacate, set aside, or correct his sentence

pursuant to 28 U.S.C. § 2255 based on the United States Supreme Court's decision in *Blakely v. Washington,* 124 S.Ct. 2531 (2004). (R.1) On January 3, 2005, the United States filed its response to the petitioner's motion. (R.4) On February 22, 2005, this Court dismissed the petitioner's motion because it was filed untimely. (R.7,8,9)

3.      On March 25, 2005, the petitioner filed a notice of appeal as to the Court's Order dismissing his Section 2255 motion and requested the issuance of a certificate of appealability. (R.10,11) This Court gave the United States until April 8, 2005, to respond to the petitioner's motion for a certificate of appealability.

**The Petitioner Cannot Substantially Show The Denial of a Constitutional Right**

4.      The appeal of a district court's denial of a motion brought pursuant to 28 U.S.C. § 2255 is governed by 28 U.S.C. § 2253.  Section 2253 does not allow an appeal to the court of appeals from the final order in a proceeding under section 2255 "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B).  "A certificate of appealability may issue . . . only if the appellant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

5.      In his memorandum in support of his motion (R.13), the petitioner identifies only one specific issue on which he claims he has made a substantial showing of the denial of a constitutional right: whether *Blakely* and *United States v. Booker*, 125 S.Ct. 738 (2005) should be applied retroactively to a case on collateral review, such as the petitioner's.  If so, pursuant to the time limitations in Section 2255, the petitioner's initial petition would have been timely; if not, the petition was untimely.

2

6.      The United States argued in its previous response that *Booker* did not apply retroactively to cases on collateral review. Since that time, the Seventh Circuit addressed this precise question in *McReynolds v. United States*, 397 F.3d 479 (2005). In *McReynolds*, the Seventh Circuit unequivocally held that "*Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005." *Id.* at 481. Moreover, because of its far-reaching effect, the opinion in *McReynolds* was circulated to all active judges on the Seventh Circuit, and not one judge favored a rehearing *en banc. Id.* The petitioner's claim that "retroactivity is clearly debatable" notwithstanding, the entire Seventh Circuit has recently, emphatically, and without dissent rejected the petitioner's position.

7.      Because *Booker's* rule is not retroactively applicable to cases on collateral review, the petitioner's one-year period of limitations began on the date on which his judgment of conviction became final. As his Section 2255 motion was filed over two years and seven months after the petitioner's conviction became final, it cannot be reasonably disputed that the petition was untimely.

8.      Finally, even if the petitioner could somehow show that *Booker* does apply retroactively to cases on collateral review, he still could not show the denial of a constitutional right. As argued by the United States in its previous response, *Blakely* and *Booker* simply do not help the petitioner since he was sentenced to the statutory minimum sentence of 240 months. *See United States v. Paladino,* 401 F.3d 471, 483 (7th Cir. 2005)(where defendant given statutory minimum, substantial rights not affected);

3

*United States v. Lee*, 399 F.3d 864, 866 (7th Cir. 2005) ("Nothing in *Booker* gives a judge any discretion to disregard a mandatory minimum"). *Booker* only applies to the sentencing guidelines; in the petitioner's case, it was the statute, not the guidelines, that determined his sentence.

WHEREFORE the United States of America respectfully requests that this Court deny the petitioner's motion for issuance of a certificate of appealability.

Respectfully submitted,

JAN PAUL MILLER
UNITED STATES ATTORNEY

s/ Eugene L. Miller
Eugene L. Miller
Assistant United States Attorney
United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
217/373-5875
FAX: 217-373-5891
eugene.miller@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

Kelvin T. Hartfield
Reg. No. 11445-042
Federal Correctional Institution
P.O. Box 5000
Greenville, Illinois 62246

s/ Eugene L. Miller
Eugene L. Miller
Assistant United States Attorney
United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
217/373-5875
FAX: 217-373-5891
eugene.miller@usdoj.gov